GERMAN AMERICAN INSURANCE COMPANY v. EVANTS.

Application No. 2982. Decided April 25, 1901.

**Insurance—Vacancy of Premises.**

The decision in this case (25 Texas Civil Appeals), held not to present error, because the leaving of his furniture in the house by insured and having a servant occupy a room and sleep in the house was not such a vacating of the premises as avoided the insurance under the terms of the policy, and whether, as held by the court below, the forfeiture was waived, becomes immaterial. (Pp. 490, 491.)

APPLICATION for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Evants sued the insurance company and recovered judgment. The company appealed and on affirmance applied for writ of error, complaining among other matters of the ruling of the Court of Civil Appeals sustaining plaintiff's issue that the defense of forfeiture of the policy by permitting the premises to become vacant had been waived. For the opinion of the appellate court, embracing a statement of the facts relating to the vacancy of the premises, see this case as reported in 25 Texas Civil Appeals.

*Ledbetter & Bledsoe* and *Eldridge & Gardner,* for applicant.

*Cruce & Cruce* and *Potter & Potter,* for defendant in error.

GAINES, CHIEF JUSTICE.—We are of the opinion that since the defendant in the application for the writ of error, when he moved

his family from the insured premises, left a large portion of his furniture there, and placed a servant in a room of the house to occupy it, and since the servant stayed in the room and slept there until the house was destroyed by fire, the house did not become either vacant or unoccupied, within the meaning of the contract of insurance. The application is therefore refused. We think it unnecessary to pass upon the question of waiver.

*Application refused.*